————o————

No. 3792.

Court of Appeal, Parish of Orleans.

PAUL L. FOURCHY, vs. J. C. RICHARDSON.

Issues of fact only are involved herein.

Appeal from Civil District Court, Division "A."

P. L. Fourchy, for Plaintiff and Appellant.

J. C. Henriques, for Defendant and Appellee.

ESTOPINAL, J.   The defendant in this case having confessed judgment in favor of the plaintiff for $500.00 upon which the latter obtained judgment in the District Court, he now endeavors to secure possession of a certain sum of money now in the hands of the Clerk of the Criminal District Court for the Parish of Orleans, the same having been at one time used in evidence in a criminal prosecution for larceny against defendant.

An intervention was filed by one Mike Frisco, who claims that the money in the possession of the Clerk of the said Criminal Court was taken from defendant's person at the time of his arrest charged with larceny of it, and that the same belongs to him, intervenor, being the same money stolen from him by defendant and a confederate named Thomas, a part of the money having been obtained by deceitful and fraudulent means, and a portion by felonious taking and carrying away.

We have examined the record critically and find that the facts, and nothing else is involved, show conclusively that the money which constitutes the bone of contention between the plaintiff

119

and intervenor here is the property of the latter and it was rightfully awarded him by the District Court.

Our learned brother of the lower Court who enjoyed the advantage of seeing and hearing the witnesses who testified has briefly, but tersely given his reasons for Judgment which we embody and adopt as the Judgment of this Court.

Says the District Judge: "The evidence establishes that Richardson and Thomas stole from intervenor $380.00, and were immediately pursued and captured; that when starting to run, just after the theft, Thomas handed the money to Richardson and in so doing dropped a double-headed nickle, i. e., with a head on each side with which, no doubt, the two had been matching nickels with intervenor in his saloon and in which game they had won from him a considerable amount.

Winning money by such methods has been held to be larceny, and so all that they won and all that they took, stole and carried away from intervenor's counter when he had turned aside to serve a customer, was alike stolen from him. 18 Am. and Eng. Encyc. 3d, Ed. p. 469-16 Cox Criminal case page 339.

Thomas was captured quickly and Richardson after a considerable chase, and when searched nothing but some change was found on the former and $410.13 on the latter. Thomas was indicted and tried and sent to the Penitentiary and Richardson left the city, whereabouts unknown and his bond was forfeited. The plaintiff obtained Judgment against Richardson ·by confession for $500.00 and on a fifa, seized the $410.13 by process of garnishment.

The Criminal Court held it (the money) until after Thomas was convicted and Richardson had absconded and it was turned over to the Registry of the Court.

The intervenor has identified $378 of this money and whatever may be said of the identification, he swears to $378.00 and says they stole $380.00 besides what they had won with the double-headed nickle. So there is small room to doubt that all that Richardson had on his person when searched, was stolen from Intervenor.

The money was snatched from intervenor by the thieves, and there was no let-up in their chase until both were captured and

on the search the money corresponding to the money described to the Police by the intervenor at the time, for the most have was found on Richardson's person, and the Intervenor must have judgment for $378.00 of the fund seized, unless his claim is barred by prescription.

Is the claim prescribed?

It was filed April 20th, 1904. The fund, from the time it was taken from the thief, was in the hands of the Criminal Court for use in evidence, in guimo legis.

The District Attorney, after plaintiff's seizure by garnishment appeared in the Court and obtained judgment on April 9, 1903, ordering it to remain in the Criminal Court until the trial of said thieves. The intervenor appeared on the trial of the rule of the District Attorney, as claimant joining in the prayer thereof on April 7, 1903 (see note of testimony filed April 7, 1903). The trial and conviction of Thomas and the flight and forfeiture of the bond of Richardson took place afterwards and within a year of the filing of the intervention.

But aside from this there has been nothing in which the plea can be based, no adverse possession by, any claimant and continued possession by Court pending prosecution of Criminal and pending this intervention.

Back of these considerations the money in dispute did not belong to Richardson, but was Intervenor's property, and was never legally seized for Richardson's debt to plaintiff. The plea of prescription is overruled.

Judgment will go for intervenor directing the Clerk of the Criminal District Court for the Parish of Orleans to turn over to him $378.00 of the funds on deposit in this case and the amount of his costs and the balance of the funds are ordered turned over to the plaintiff under his judgment against Richardson.

The judgment of the District Court is affirmed, plaintiff to pay Intervenor's costs in the lower Court and the costs of this appeal.